Dear Sheriff Lee:
You requested an Attorney General opinion on the legality of your office's institution of a data base containing names of persons evicted from rental properties because of current or ongoing criminal activity, excluding those evicted for non-payment of rent or other civil matters and also excluding those whose arrests and/or convictions have been expunged.
Although there is no precise statutory authority for establishment of a criminal-related data base as the one you propose, the development of such a data base by your office would be in line with and be a supplement to your official duties and would be in complete agreement with clear legislative intent as expressed in Title 15, Louisiana Revised Statutes.
As Sheriff, you are constitutionally and statutorily the chief administrative officer imbued with the responsibility of preserving the peace and apprehending public offenders. Under this general authority, the data base you suggest would help keep tract of law-breakers and would assist in the recognition of places where criminal activity has occurred.
When the Louisiana Legislature created the Bureau of Criminal Identification and Information, it found and declared, at LSA-R.S. 15:575, that:
 "The improvement of public safety and sound law enforcement and administration of criminal justice requires the complete and timely collection, processing, and dissemination of available information on crime, offenders, and the operations of the criminal justice system through a centralized system;
 "It is in the public interest that to the greatest extent possible, government agencies at all levels concerned with the detection, apprehension, prosecution, sentencing, confinement, and rehabilitation of criminal offenders share among themselves available information relating to such offenders;
 "Available computer and communications technology now enables the coordination, collection, storage, and dissemination of relevant information heretofore dispersed in separate files throughout the state, and
 "The reduction of crime, the protection of citizens and enforcement officers, and the need to improve the efficiency of the criminal justice system mandates the development and operation of a computer-based criminal justice information system in Louisiana.
In Section 576(4), the criminal justice system was defined as including all agencies which may legally arrest and detain criminals. Section 576(5) states:
 "The term `criminal justice information system' means all agencies, procedures, mechanisms, media, and forms as well as the information itself which are or become involved in origination, collection, transmittal, storage, retrieval, and dissemination of information related to offenses or offenders in Louisiana."
Title 15 imposes certain limitations on the bureau of Criminal Identification and Information regarding the keeping and transmission of criminal-associated records, such as the exclusion of intelligence and investigatory data on people not involved in the criminal justice system. Some of these restrictions and/or guidelines would appear to be applicable to your purported data base and we suggest that you consider them.
In any event, your proposed data base would be permissible under your general constitutional and statutory authority and would be in conformity with expressed legislative intent.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_______________________ H. CHARLES GAUDIN Assistant Attorney General
RPI:HCG/bgc
Date Received: Date Released: July 17, 2001
H. Charles Gaudin Assistant Attorney General